1

2

3

4

5

6

7

8

9             UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF WASHINGTON
10                     AT SEATTLE

11   LLOYD'S OF LONDON SYNDICATE        )   No.
     2987,                              )
12                                      )   **COMPLAINT FOR DECLARATORY**
                        Plaintiff,      )   **RELIEF**
13                                      )
                v.                      )
14                                      )
     EAGLE COUNTRY CONSTRUCTION,        )
15   INC., a Washington corporation;    )
     INNOVATIVE INVESTMENTS, INC. a     )
16   Washington corporation; MICHAEL J. )
     HANSEN and ROCHELLE HANSEN,        )
17   individually and the marital community )
     composed thereof; COLTON and MORGAN )
18   PATTERSON, a married couple; DUSTIN )
     KRENZ and RACHEL STOKES, an        )
19   unmarried couple; WILLIAM and      )
     KIMBERLY UNRAU, a married couple;  )
20   ALEX and LINDSAY CRAIG, a married  )
     couple; and GRETA and ANTHONY      )
21   CHEHREHGOSHA, a married couple,    )
                                        )
22                       Defendants.    )

23

            Lloyd's of London Syndicate 2987 ("Underwriters"), by and through its counsel of record
24

25   James P. Murphy and for its claims against the defendants, alleges as follows:

26

COMPLAINT FOR DECLARATORY RELIEF - 1

# I.    PARTIES

1.1     Plaintiff Lloyd's of London Syndicate 2987 ("Underwriters") is the underwriter subscribing to policies with numbers BRT3A001756-00 and BRT3C000656-00, a non-admitted foreign insurer.  The sole member of Lloyd's of London Syndicate 2987 is Brit UW Ltd.   Brit UW Ltd. is a private limited Company that was incorporated in and has its principal place of business in London, England.

1.2     Defendant Eagle Country Construction, Inc. ("Eagle Country") is a Washington corporation with its principal place of business in Snohomish County, Washington.

1.3     Defendant Innovative Investments, Inc. ("Innovative") is a Washington corporation with its principal place of business in Snohomish County, Washington.

1.4     Upon information and belief, defendants Michael J. Hansen and Rochelle Hansen ("the Hansens") are a married couple residing in Snohomish County, Washington.

1.5     Defendants Morgan and Colton Patterson are the owners of real property located at 10614 329th Avenue SE, Sultan, Washington, 98294.

1.6     Defendants Dustin Krenz and Rachel Stokes are the owners of real property located at 10626 329th Avenue SE, Sultan, Washington, 98294.

1.7     Defendants William and Kimberly Unrau are the owners of real property located at 10606 329th Avenue SE, Sultan, Washington, 98294.

1.8     Defendants Alex and Lindsay Craig are the owners of real property located at 10716 329th Avenue SE, Sultan, Washington, 98294.

1.9     Defendants Greta and Anthony Chehrehgosha are the owners of real property located at 10702 329th Avenue SE, Sultan, Washington, 98294.

COMPLAINT FOR DECLARATORY RELIEF - 2

1.10     Defendants Morgan and Colton Patterson, Dustin Krenz and Rachel Stokes, William and Kimberly Unrau, Alex and Lindsay Craig, and Greta and Anthony Chehrehgosha ("the Homeowners") are the plaintiffs in a lawsuit against Eagle Country, Innovative, the Hansens, and others, currently pending in Snohomish County Superior Court under Case No. 20-2-04416-31 ("the Underlying Lawsuit").  Underwriters have named the Homeowners as defendants in this action because they have claims against Eagle Country, Innovative, and the Hansens which would be affected by the declaratory relief sought herein pursuant to RCW 7.24.110.

## II.     JURISDICTION AND VENUE

2.1     This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57 to resolve an actual controversy between the parties.

2.2     This Court has diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between plaintiff and defendants, and the amount at issue exceeds $75,000, exclusive of interest and costs. Eagle Country, Innovative, and the Hansens seek insurance coverage under two policies of insurance issued by Underwriters, each with policy limits of $1 million per occurrence.

2.3     Venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. 128(a), because this action involves a dispute over the application of insurance coverage under policies issued in Washington, and the events giving rise to this action occurred in this District.  The locations of the principal places of business of Eagle Country and Innovative, as well as the real property that form the basis of the claims asserted in the Underlying Lawsuit, are within the Western District of Washington, Seattle.

COMPLAINT FOR DECLARATORY RELIEF - 3

### III.   FACTS

**A.**   **The Underlying Lawsuit**

3.1    The Homeowners commenced the Underlying Lawsuit in September 2020.

3.2    Underwriters appointed counsel to defend Eagle Country, Innovative, and its principals, Michael and Rochelle Hansen with respect to the Underlying Lawsuit and issued a reservation of rights letter dated May 28, 2021.

3.3    The Homeowners filed an Amended Complaint in May 2021 and a Second Amended Complaint on April 5, 2023.  Underwriters issued a supplemental reservation of rights letter dated April 9, 2024 in light of the allegations of the Second Amended Complaint.

3.4    According to the Underlying Lawsuit,  Innovative and its principal, Michael Hansen, acted as a developer of five single-family homes in Sultan, Washington. Eagle Country, served as the general contractor responsible for the construction project.

3.5    The Homeowners allege that in 2019, they entered purchase and sale agreements with Innovative to purchase the homes.

3.6    The Homeowners allege that because no municipal water source was available to any of the parcels of real property on which the houses were built, Eagle Country "drilled wells in an effort to provide water" for the houses.

3.7    The Homeowners allege that after they moved into the houses, they discovered problems with their water systems almost immediately.   The Homeowners claim that Eagle Country's initial well was dry and was "useless."  The Homeowners further assert that Eagle installed three additional wells that used "superficial and ineffective" testing methods to determine whether the wells would provide potable water in sufficient quantities to supply the five houses.

COMPLAINT FOR DECLARATORY RELIEF - 4

3.8     The Homeowners allege that the wells produced insufficient volumes of water or produced discolored water with a smell of ammonia, and that some of the Homeowners and/or their children became ill.  The Homeowners further contend that when they complained to Eagle Country, it hired a third-party contractor to install a filtration system which failed to improve water quality.

3.9     According to the Underlying Lawsuit, the water problems worsened with time, and multiple wells "ran completely dry" within months of the purchase of the subject homes.  The Homeowners alleged that Eagle Country "forced Plaintiffs to sign an agreement pursuant to which Eagle Country would provide a 'Stennar Chlorination System with a carbon backwash unit' in exchange for the Plaintiffs' acceptance that Eagle Country offered no future warranty."  The Homeowners contend that they entered the agreement "under duress" and that Eagle Country never installed the promised equipment.

3.10    The Homeowners also allege "egregious errors or intentional shortcuts" by Eagle Country, Innovative, and a well-installation subcontractor, Westin G. Halvorson d/b/a Generation Drilling ("Generation").  Plaintiffs allege that Eagle Country and Innovative placed a well too close to a septic drain field (in violation of applicable regulations), neglected to include well identification tags, and failed to file a notice of decommissioning of an unused well.  The Homeowners further allege that following a meeting with Michael Hansen in February 2020, "well tags suddenly appeared" that were "fraudulent" and belonged to wells installed at entirely different locations.

3.11    The Homeowners contend that they hired JKA Well Drilling & Pumps ("JKA"), another well-drilling contractor, and JKA confirmed that all of the wells installed by Eagle Country do not produce water because they are tied to "the same fractured rock aquifer."  The Homeowners

COMPLAINT FOR DECLARATORY RELIEF - 5

MURPHY ARMSTRONG FIRM LLP
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770   F/206-985-9790

assert that JKA found further deficiencies in the wells, including improperly installed plumbing and that the minimal amount of water produced by one of the wells was "unsafe for drinking." JKA allegedly recommended replacing all three wells.

3.12    The Homeowners allege that they were forced to find temporary sources of water and will continue to require clean water to be trucked in to fill storage tanks or find other sources of water as far as ten miles away.  The Homeowners claim that they continue to incur thousands of dollars a month to obtain temporary water and are forced to bring in "outside water" to use their restrooms and flush toilets.

3.13    The Homeowners allege that Michael and Rochelle Hansen "had knowledge of all of the malfeasance of both defendants Innovative and Eagle Country," and seek remedies against the Hansens as the responsible principals of both corporations.  The Homeowners further allege that Innovative and Eagle Country "worked in concert together as a joint venture and to develop, build and sell Plaintiffs' brand-new homes, and so they are jointly and severally liable for the damages caused by one another."

3.14    In their Second Amended Complaint, the Homeowners assert numerous causes of action against Eagle Country, Innovative, and the Hansens.  The claims asserted in the Second Amended Complaint, and the parties against whom they are directed, are as follows:

- Breach of contract against Innovative and the Hansens;
- Breach of statutory warranty deed against Innovative, Eagle Country, and the Hansens;
- Breach of implied warranty of habitability against Innovative, Eagle Country, and the Hansens;
- Negligence against Innovative, Eagle Country, and the Hansens;
- Breach of warranty against Innovative, Eagle Country, and the Hansens;
- Fraudulent concealment against Innovative, Eagle Country, and the Hansens;
- Intentional misrepresentation against Innovative and the Hansens;
- Violation of the Washington Consumer Protection Act ("CPA") against Innovative,

MURPHY ARMSTRONG FIRM LLP
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

Eagle Country, and the Hansens;
- Per-se violation of the CPA against Innovative, Eagle Country, and the Hansens; and
- Rescission of real estate transactions against Innovative and the Hansens.

**B.**     **The Underwriters' Policies**

3.15     Underwriters issued a Commercial General Liability Policy of insurance to Eagle Country Construction, Inc., policy no. BRT3A001756-00 (the "18/19 Policy") with a policy period of February 2, 2018 to February 2, 2019.

3.16     The 18/19 Policy provides commercial general liability coverage with limits up to $1,000,000 for each occurrence and a general aggregate limit of $2,000,000.  The 18/19 Policy also includes a Products/Completed Operations Aggregate Limit of $2,000,000.

3.17     Underwriters issued a Commercial General Liability Policy of insurance to Eagle Country Construction, Inc., policy no. BRT3C000656-00 (the "19/20 Policy") with a policy period of February 2, 2019 to February 2, 2020.

3.18     The 19/20 Policy provides commercial general liability coverage with limits up to $1,000,000 for each occurrence and a general aggregate limit of $2,000,000.  The 18/19 Policy also includes a Products/Completed Operations Aggregate Limit of $2,000,000.

3.19     The Policies both contain a Property Damage Liability deductible of $1,000 per claim.

3.20     Underwriters has accepted to defend Eagle Country, Innovative, and the Hansens with respect to the Underlying Lawsuit pursuant to an express reservation of rights.  Underwriters will continue to provide a defense, subject to its reservation of rights, until this or another court of competent jurisdiction determines that Underwriters owe no duties of defense or indemnity.

COMPLAINT FOR DECLARATORY RELIEF - 7

**C.**     <u>Provisions of the Underwriters' Policies</u>

3.21     The Policies' Commercial General Liability Coverage form on ISO form no. CG 00 01 04 13 provide in pertinent part:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(**1**) The amount we will pay for damages is limited as described in Section **III** – Limits of Insurance; and
(**2**) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

(**1**) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
(**2**) The "bodily injury" or "property damage" occurs during the policy period; and
(**3**) Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the

COMPLAINT FOR DECLARATORY RELIEF - 8

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770   F/206-985-9790

1        policy period will be deemed to have been known prior to the
2        policy period.

CG 00 01 04 13, 18/19 Policy;
3    CG 00 01 04 13, 19/20 Policy.

4        3.22    The Policies define an occurrence as "an accident, including continuous or repeated
5
exposure to substantially the same general harmful conditions."  CG 00 01 04 13; Section V –
6
Definitions, No. 13.
7
8        3.23    The Policies define "Property Damage" as follows:
9        **a.**  Physical injury to tangible property, including all resulting loss of use
of that property.  All such loss of use shall be deemed to occur at the
10        time of the physical injury that caused it; or
         **b.**  Loss of use of tangible property that is not physically injured.  All such
11        loss of use shall be deemed to occur at the time of the "occurrence that
12        caused it.

13        For purposes of this insurance, electronic data is not tangible property.
As used in this definition, electronic data means information, facts or
14        programs stored as or on, created or used on, or transmitted to or from
computer software, including systems and applications software, hard or
15        floppy disks, CD-ROMs, tapes, drives, cells, data processing deices or any
other media which are used with electronically controlled equipment.
16

17    CG 00 01 04 13; Section V – Definitions, No. 17.

18        3.24    The Supplementary Payments sections of the Policies provide in pertinent part,

19    **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**

20
**1.**  We will pay, with respect to any claim we investigate or settle, or any "suit" against an
21    insured we defend:

22        **a.**  All expenses we incur.
         **b.**  Up to $250 for cost of bail bonds required because of accidents or traffic law
23        violations arising out of the use of any vehicle to which the Bodily Injury Liability
Coverage applies.  We do not have to furnish these bonds.
24        **c.**  The cost of bonds to release attachments, but only for bond amounts within the
appliable limit of insurance.  We do not have to furnish these bonds.
25

26

COMPLAINT FOR DECLARATORY RELIEF - 9

**d.** All reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or "suit", including actual loss of earnings up to $250 a day because of time off from work.

**e.** All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

**f.** Prejudgment interest awarded against the insured on that part of the judgment we pay. If we make an offer to pay the applicable limit of insurance, we will not pay any prejudgment interest based on that period of time after the offer.

**g.** All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

These payments will not reduce the limits of insurance.

CG 00 01 04 13, **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B**.

3.25     The Policies each contain an endorsement excluding coverage for punitive or exemplary damages:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY PART**

The following is added to **SECTION I – COVERAGES**, paragraph **2. Exclusions** of **COVERAGE A, BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and paragraph **2. Exclusions** of **COVERAGE B, PERSONAL INJURY AND ADVERTISING LIABILITY**

This insurance does not apply to:

**Punitive or Exemplary Damage**

Any sums that the insured becomes legally obligated to pay for punitive, exemplary or multiple damages, including but not limited to any damages awarded in the form of double, treble or other multiple damages in excess of compensatory damages.

We will have the right and duty to defend any insured against a "suit" seeking both compensatory and punitive or exemplary damages, however, we will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

BRT 40 33 06 17 (18/19 Policy; 19/20 Policy).

COMPLAINT FOR DECLARATORY RELIEF - 10

1         3.26    The Policies also contain exclusions for property damage or bodily injuries which

2   started before the Policy's inception date.

3
<b>Exclusion – Continuing Damages</b>

4     THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ
IT CAREFULLY.

5

6     This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

7

8     The following exclusion is added to Paragraph 2, **Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph 2 **Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:**

9

10    This insurance does not apply to:
       "Bodily injury", "Property Damage", "personal injury", or "advertising injury" which commenced prior to the inception date of this policy, and which is alleged to have continued into the policy period.

11

12

13    This exclusion applies regardless of whether:
    1.  The damage or its cause was known to any insured before the inception date of this policy;

14

15    2.  Repeated or continued exposure to conditions gave rise to the alleged "bodily injury", "property damage", "personal injury", or "advertising injury" occurred during the policy period, or

16

17

18    3.  There is alleged additional or progressive "bodily injury", "property damage", "personal injury", or "advertising injury" during the policy period, or

19

20    4.  Any insured's legal obligation to pay damages was established as of the inception date of this policy.

21

22   BRT 40 70 06 17 (18/19 Policy; 19/20 Policy).

23        3.27    The Policies each contain the following exclusion for "impaired" property and

24   "property not physically injured":

25     **2. Exclusions**
      This insurance does not apply to:

26
[. . .]

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

**m.** Damage To Impaired Property Or Property Not Physically Injured
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

CG 00 01 04 13; Section I – Coverages (18/19 Policy; 19/20 Policy).

    3.28    The Policies define "impaired property" as:

tangible property, other than "your product" or "your work," that cannot be used or is less useful because:

    **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulling the terms of the contract or agreement.

CG 00 01 04 13; Section V – Definitions, No. 8.

    3.29    The Policies each contain the following exclusion for "Damage to Property":

**2. Exclusions**
This insurance does not apply to:

    [. . .]

    **j. Damage to Property**
"Property damage" to:

    **(1)** Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    **(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises; [. . .]

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

[ . . . ]

**(5)** That particular part of real property on which you or any contractor or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

[ . . . ]

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

[ . . . ]

CG 00 01 04 13; Section I – Coverages, 2. Exclusion (j).

3.30   The Policies each contain the following exclusion for "Damage to Your Work":

**2. Exclusions**
This insurance does not apply to:
[ . . . ]
**l. Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in the "products- completed operations hazard".
This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub- contractor.

CG 00 01 04 13; Section I – Coverages, 2. Exclusion (l).

3.31   The Policies define "Your work" as,

**22.** "Your work:"
**a.** Means:

(1) Work or operations performed by you or on your behalf; and
(2) Materials, parts or equipment furnished in connection with such work or operations.

COMPLAINT FOR DECLARATORY RELIEF - 13

**b.** Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
(2) The providing of or failure to provide warnings or instructions.

CG 00 01 04 13; Section V – Definitions, No. 22.

3.32    The Policies define "Your product" as,

**21.** "Your product":
**a.** Means:
  **(1)** Any goods or products other than real property, manufactured, sold, handled, distributed or disposed of by:
      **(a)** You;
      **(b)** Others trading under your name; or
      **(c)** A person or organization whose business assets you have acquired; and
  **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes:
  **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
  **(2)** The providing of or failure to provide warnings or instructions.
[. . .]

CG 00 01 04 13; Section V – Definitions, No. 21.

3.33    The Policies define the products-completed operations hazard as follows:

**16. "Products-completed operations hazard":**
  **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
  **(1)** Products that are still in your physical possession; or
  **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
  **(a)** When all of the work called for in your contract has been completed.
  **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
  **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than

COMPLAINT FOR DECLARATORY RELIEF - 14

1          another contractor or subcontractor working on the same
2          project.

3          Work that may need service, maintenance, correction, repair or
           replacement, but which is otherwise complete, will be treated as
4          completed.

5    CG 00 01 04 13; Section V – Definitions, No. 16.

6          3.34    The Policies each contain the following exclusion for "Expected or Intended Injury":

7          **2. Exclusions**
           This insurance does not apply to:
8          [. . .]

9                  **a. Expected Or Intended Injury**
                   "Bodily injury" or "property damage" expected or intended
10                 from the standpoint of the insured. This exclusion does not
                   apply to "bodily injury" resulting from the use of reasonable
11                 force to protect persons or property.

12   CG 00 01 04 13; Section I – Coverages, 2. Exclusion (a).

13
           3.35    The Policies exclude coverage for bodily injury or property damage arising from
14
     contractual liability:
15
                   **2. Exclusions**
16                 This insurance does not apply to:
17                                          [. . .]
                   **b. Contractual Liability**
18                 "Bodily injury" or "property damage" for which the insured is
19                 obligated to pay damages by reason of the assumption of liability in a
                   contract or agreement.  This exclusion does not apply to liability for
20                 damages:
                   (**1**) That the insured would have in the absence of the contract or
21                 agreement; or
                   (**2**) Assumed in a contract or agreement that is an "insured contract,"
22                 provided the "bodily injury" or "property damage" occurs
                   subsequent to the execution of the contract or agreement.  Solely
23                 for the purposes of liability assumed in an "insured contract,"
                   reasonable attorney fees and necessary litigation expenses incurred
24                 by or for a party other than an insured are deemed to be damages
                   because of "bodily injury" or "property damage," provided:
25

26

COMPLAINT FOR DECLARATORY RELIEF - 15

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

CG 00 01 04 13; Section I – Coverages, 2. Exclusion (b).

3.36    The Policies define an "insured contract" in relevant part as:

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

CG 00 01 04 13; Section V – Definitions, No. 9.

3.37    The Policies also contain an amendment of the definition of "insured contract"

modifying paragraph f as follows:

**f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf.  However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

CG 24 26 04 13.

3.38    Section II – Who is an Insured of the Policies states in pertinent part,

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:
  **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

COMPLAINT FOR DECLARATORY RELIEF - 16

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

**b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

**c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

[ . . .]

CG 00 01 04 13, Section II – Who is an Insured.

     3.39    Policy BRT3A001756-00 (the 18/19 Policy) contains the following additional insured endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION**
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
**SCHEDULE**

| Name of Additional Insured Person(s) or Organization(s): | Location(s) of Covered Operations |
|---|---|
| Any person or organization that the named insured is obligated by virtue of a written contract or agreement to provide such as is afforded by this policy and is submitted to the Company in writing within 30 days of the inception of the contract or agreement, or the inception of the policy, whichever is later. | Per Written Contract |

**A.**    **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for

COMPLAINT FOR DECLARATORY RELIEF - 17

"bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by"

      1.    Your acts or omissions; or

      2.    The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

      1.  The insurance afforded to such additional insured only applies to the extent permitted by law; and

      2.  If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.**  With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:
This insurance does not apply to "bodily injury" or "property damage" occurring after:

      1.  All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

      2.  That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

**C.**  With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**
If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

      1.  Required by the contract or agreement; or

      2.  Available under the applicable Limits of Insurance shown in the Declarations;

COMPLAINT FOR DECLARATORY RELIEF - 18

1      whichever is less.

2      This endorsement shall not increase the applicable Limits of Insurance shown
3      in the Declarations.

4   CG 20 10 04 13 (18/19 Policy - BRT3A001756-00).

5      3.40   Policy BRT3C000656-00 (the 19/20 Policy) contains the following additional

6   insured endorsement:

7                    **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE**
8                              **READ IT CAREFULLY.**
                     **ADDITIONAL INSURED – OWNERS, LESSEES OR**
9                     **CONTRACTORS – SCHEDULED PERSON OR**
                                  **ORGANIZATION**
10                This endorsement modifies insurance provided under the following:
                    COMMERCIAL GENERAL LIABILITY COVERAGE PART
11                                       **SCHEDULE**

12

| Name of Additional Insured Person(s) or Organization(s): | Location(s) of Covered Operations |
|---|---|
| INNOVATIVE INVESTMENTS, INC. PO BOX 1304, Marysville, WA 98270 | Per Written Contract |

15      **A.      Section II – Who Is An Insured** is amended to include as an additional insured the
16   person(s) or organization(s) shown in the Schedule, but only with respect to liability for
     "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or
17   in part, by"

18           1.      Your acts or omissions; or
19
             2.      The acts or omissions of those acting on your behalf;
20   in the performance of your ongoing operations for the additional insured(s) at the
     location(s) designated above.
21
22   However:

23           1.  The insurance afforded to such additional insured only applies to the extent
     permitted by law; and
24
             2.  If coverage provided to the additional insured is required by a contract or
25   agreement, the insurance afforded to such additional insured will not be broader
     than that which you are required by the contract or agreement to provide for such
26   additional insured.

COMPLAINT FOR DECLARATORY RELIEF - 19

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

    1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

    2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as part of the same project.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

    1. Required by the contract or agreement; or

    2. Available under the applicable Limits of Insurance shown in the Declarations;

    whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

CG 20 10 04 13 (19/20 Policy - BRT3C000656-00).

    3.41    Policy BRT3C000656-00 (the 19/20 Policy) also contains a "Policy Changes"

endorsement, effective December 16, 2019, providing in part,

CHANGES

It is hereby understood and agreed that the following changes apply to this policy:

ADDITIONAL INSURED COVERAGE IS HEREBY ADDED IN FAVOR OF THE FOLLOWING ENTITY:

INNOVATIVE INVESTMENTS, INC.

P.O. BOX 1304

MARYSVILLE, WA 98270

ADDITIONAL PREMIUM: $100.00 FULLY EARNED

COMPLAINT FOR DECLARATORY RELIEF - 20

IL 12 01 11 85 (19/20 Policy - BRT3C000656-00).

3.42    The Policies each contain a Contractors Special Conditions endorsement, which reads as follows:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY

**CONTRACTORS SPECIAL CONDITIONS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following is added to **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**10.  Work Performed by Independent Contractors**
a.  This insurance does not apply to any "damages" arising from work performed by independent contractors on your behalf unless you have, prior to the start of work and the date of the "occurrence" giving rise to a claim or "suit":

1)  Received a written indemnity agreement from the independent contractor holding you harmless for all liabilities, including costs of defense, arising from the work of the independent contractor;

2)  Obtained certificates of insurance from the independent contractor indicating that you are named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence;

3)  Obtained proof that the independent contractor has workers compensation insurance if required by the state in which the job(s) is located; and

4)  Obtained proof that all licenses as required by local and/or state statute, regulation or ordinance are up to date.

5)  Maintained records evidencing compliance with paragraphs **(1)** through **(4)** for a minimum of five years from the expiration date of this policy.

b.  This insurance does not apply to any "damages" arising from work performed by independent contractors on your behalf and we will have no obligation to defend or indemnify any insured if coverage indicated under **a.(2)** and **a.(3)** represented by the certificates of insurance referenced in **a.(2)** and **a.(3)** are not maintained.

COMPLAINT FOR DECLARATORY RELIEF - 21

c.  The insurance provided by this policy shall be excess over and above any other valid and collectible insurance available to you under paragraph (**2**).

BRT 40 07 02 12.

3.43    The Policies each contain the following Exclusion – Abandoned Work, which reads as follows:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

**A.**  The following is added to Paragraph **2, Exclusions**, of **SECTION – I – COVERAGES**:
This insurance does not apply to "bodily injury", "property damage", "personal or advertising injury", or medical payments arising out of any work, including project, or jobsite, or any other activity that has been "abandoned".

**B.**  For the purposes of this endorsement, the following definitions apply:

"Abandoned" means: any insured has ceased, forsaken, left or deserted work, project or jobsite.  It includes:

1.  the ceasing, forsaking, leaving or deserting of work due to nonpayment to the insured, or
2.  due to any insured or any person or entity for which the insured works being forced off the project or refused entry to the project for any reason including but not limited to civil unrest, project conditions, weather, or natural disaster.

All other terms and conditions under the policy remain unchanged.

BRT E41 02 07 18.

3.44    The Policies each contain Other Insurance provisions, which read in pertinent part as follows:

**4.  Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverage **A** or **B** of this Coverage Part, our obligations are limited as follows:

COMPLAINT FOR DECLARATORY RELIEF - 22

**a.     Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies.  If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then we will share with all that other insurance by the method described in Paragraph **c.** below.

**b.     Excess Insurance**

> **(1)** This insurance is excess over:
>> **(a)** Any of the other insurance, whether primary, excess, continent or on any other basis:
>>> **(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

[. . .]

>> **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

> **(2)** When this insurance is excess, we will have no duty under Coverages **A** or **B** to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit".  If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

> **(3)** When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:

>> **(a)** The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>> **(b)** The total of all deductible and self-insured amounts under all that other insurance.

> **(4)** We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance provision and was not bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

[. . .]

CG 00 01 04 13.

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

3.45    The Policies expressly exclude coverage for "property damage" to "your product":

> **2. Exclusions**
> This insurance does not apply to:
> [. . .]
> **k. Damage To Your Product**
> "Property damage" to "your product" arising out of it or any
> part of it.

CG 00 01 04 13; Section I – Coverages, 2. Exclusion (k).

3.46    The Policies each contain the following Products or Work Exclusion endorsement:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY
**PRODUCTS OR WORK EXCLUSION**
This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**COMPLETED OPERATIONS LIABILITY COVERAGE PART**

| **SCHEDULE** |
| :--- |
| **2/2/2018** |
| Products: |
| Work: |

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

This insurance does not apply to:

**"Your Products" or "your work"**

"Bodily injury", "property damage", "personal injury", "advertising injury", or "medical payments" included in the "products-completed operations hazard" and arising out of, or alleged to arise out of, any of "your products" manufactured, assembled, sold, handled or distributed by or on behalf of you prior to the date shown in the Schedule or "your work" performed by or on behalf of you prior to the sate shown in the Schedule.

We will not defend any claim or suit or pay any damages, loss, expense, cost or obligation caused directly or indirectly by, arising out of, or alleged to arise out of, resulting from, contributed to, contributed by, or related in any way to "your products" manufactured, assembled, sold, handled or distributed by or on behalf of you prior to the date shown in the

COMPLAINT FOR DECLARATORY RELIEF - 24

Schedule or "your work" performed by or on behalf of you prior to the sate shown in the Schedule.

If no date is shown in the Schedule, the policy effective date applies.

BRT 40 22 06 17.

3.47    The Policies each contain a Recall of Products, Work or Impaired Property exclusion, which reads as follows:

**2. Exclusions**
This insurance does not apply to:
[. . .]
**n. Recall of Products, Work or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
    **(1)** "Your product";
    **(2)** "Your work"; or
    **(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

CG 00 01 04 13; Section I – Coverages, 2. Exclusion (n).

3.48    The Policies each contain the following Exclusion – Construction Management Errors and Omissions endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – CONSTRUCTION MANAGEMENT ERRORS AND OMISSIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

COMPLAINT FOR DECLARATORY RELIEF - 25

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** The preparing, approving or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications by any architect, engineer or surveyor performing services on a project on which you serve as a construction manager; or

**2.** Inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved that which is described in Paragraph **1.** or **2.**

This exclusion does not apply to "bodily injury" or "property damage" due to construction or demolition work done by you, your "employees" or your subcontractors.

CG 22 34 04 13.

3.49    The Policies each contain the following Exclusion – MAINTENANCE AND HABITABILITY endorsement:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**EXCLUSION – MAINTENANCE AND HABITABILITY**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph 2., **Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability**; **Paragraph 2., Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability, and Paragraph 2m Exclusions of Section I – COVERAGE C – MEDICAL PAYMENTS**

This insurance does not apply to:

**MAINTENANCE AND HABITABILITY**

**A.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of an insured's failure to maintain any premises, site or location in a tenantable, habitable, livable or usable condition.

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

**B.** Any claim made or "suit" filed alleging actual or constructive wrongful eviction, violation of any rent stabilization laws and ordinances, and/or violation of any local, state, and/or federal code, law, ordinance, statue, rule or regulation that relates to the tenant-ability, habitability, condition, maintenance or upkeep of any premises, site or location. This exclusion applies regardless of whether:

> 1.  It arises in whole or in part out of claims and/or allegations that any part of the premises, site or location is/was tenantable, not habitable and/or was improperly maintained; or
> 2.  Arises out of a chain of events, which includes a claim that any part of the premises, site or location is/was tenantable, not habitable and/or was improperly maintained;
> 3.  The tenant-ability maintenance and habitability claim is the initial precipitating event or a substantial cause of the alleged damage or injury; or
> 4.  It arises out of a claim that any part of the premises, site or location at issue is/was tenant-able, not habitable and/or was improperly maintained as a concurrent cause of injury, regardless of whether the tenant-ability, maintenance or habitability claim is the proximate cause of the alleged damage or injury.

BRT 40 66 06 17.

3.50 The Policies each contain an Exclusion – Contractors – Professional Liability endorsement, which reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

**1.** This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

> **a.** Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

COMPLAINT FOR DECLARATORY RELIEF - 27

**b.** Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render any professional services by you or on your behalf with respect to the operations described above.

**2.** Subject to Paragraph **3**, below, professional services include:

**a.** Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and
**b.** Supervisory or inspection activities performed as part of any related architectural or engineering activities.

**3.** Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

CG 22 79 04 13.

3.51    The Policies each contain the following Underground Utility Location Condition endorsement:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

**UNDERGROUND UTILITY LOCATION CONDITION**

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

The following is added to **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**:

By accepting this policy, you agree that coverage under this policy is voided for any "suit", claim, loss, costs or expenses arising out of digging operations unless:

1.  Before you or any insured under this policy commences any digging, excavation, boring or similar underground work, a local locator service must come to the job site, and

COMPLAINT FOR DECLARATORY RELIEF - 28

2.  mark all underground lines, pipes, cables and underground utilities.

3.  You obtain a written confirmation that location has been marked by an authorized locator service.

BRT 40 36 06 17.

3.52    The Policies each contain a Fungi or Bacteria Exclusion endorsement, which reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**  The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

**2.  Exclusions**
This insurance does not apply to:
**Fungi or Bacteria**

**a.**  "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.**  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

**B.**  The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage B – Personal and Advertising Injury Liability:**

COMPLAINT FOR DECLARATORY RELIEF - 29

**2. Exclusions**
This insurance does not apply to:

**a.** "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

**b.** Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

**C.** The following definition is added to the **Definitions** Section:
"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

CG 21 67 12 04.

3.53    The Policies each contain a Total Pollution Exclusion Endorsement, which reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**TOTAL POLLUTION EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **f.** under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

This insurance does not apply to:
**f. Pollution**

**(1)** "Bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
**(2)** Any loss, cost or expense arising out of any

COMPLAINT FOR DECLARATORY RELIEF - 30

**(a)**  Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or

**(b)**  Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

CG 21 49 09 99.

3.54    The Policies define "pollutants" as follows:

**15.**  "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

Section V – Definitions, No. 15.

3.55    Underwriters reserve the right to assert any other Policy language or coverage forms of the Policies that may be potentially applicable to this action.

## IV.    DEFENSE AND INDEMNITY COVERAGE UNDER THE POLICIES IS LIMITED AND/OR BARRED

4.1    Underwriters incorporate by reference all allegations contained in paragraphs 1.1 – 3.55 as if set forth fully herein.

4.2    The Policies state that Underwriters will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

4.3    The Policies define "property damage" as (a) physical injury to tangible property, including all resulting loss of use of that property or (b) loss of use of tangible property that is not physically injured.

4.4    An actual and justiciable controversy exists as to whether there was any "property damage".

COMPLAINT FOR DECLARATORY RELIEF - 31

4.5     The Policies define "bodily injury" as bodily, injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

4.6     An actual and justiciable controversy exists as to whether there was any "bodily injury".

4.7     The Policies further require that any "property damage" or "bodily injury" must be caused by an "occurrence".  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same harmful conditions.

4.8     An actual and justiciable controversy exists as to whether there was an "occurrence".

4.9      The Policies state in pertinent part that this insurance applies to "bodily injury" and "property damage" only if the "bodily injury"" or "property damage" occurs during the policy period.

4.10    An actual and justiciable controversy exists as to whether there was any "occurrence" during a Policy period.

4.11    The Policies further state in pertinent part that this insurance applies to "bodily injury" and "property damage" only if prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.

4.12    An actual and justiciable controversy exists as to whether Eagle Country, Innovative, or the Hansens knew, in whole or in part, of the "bodily injury" or "property damage" prior to the inception of the Policies.

COMPLAINT FOR DECLARATORY RELIEF - 32

4.13     The Policies expressly exclude coverage for "property damage" or "bodily injury" which was expected or intended from the standpoint of the insured.

4.14     An actual and justiciable controversy exists as to whether Eagle Country, Innovative, or the Hansens expected or intended "bodily injury" or "property damage" from its/their standpoint.

4.15     The Continuing Damages Exclusion of the Policies precludes coverage for "bodily injury" or "property damage" which commenced prior to the inception date of the pertinent Policy, and which is alleged to have continued into the Policy period.

4.16     The first Policy incepted on February 2, 2018 and the second Policy incepted on February 2, 2019.

4.17     An actual and justiciable controversy exists as to whether any "bodily injury" or "property damage" commenced prior to the inception dates(s) of the Policies.

4.18     The impaired property exclusion contained in the Policies precludes coverage for "property damage" to "impaired property" or property that has "not been physically injured" arising out of defect, deficiency, inadequacy or dangerous condition in "your product" or "your work" or a delay or failure to perform a contract or agreement in accordance with its terms.

4.19     An actual and justiciable controversy exists as to whether any coverage to Eagle Country, Innovative, or the Hansens exists for "property damage" to "impaired property" or property that has "not been physically injured" because it arises out of a defect in "your work" or "your product" or arises out of a delay or failure to perform a contract or agreement in accordance with its terms.

COMPLAINT FOR DECLARATORY RELIEF - 33

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

4.20     The Policies exclude coverage for "property damage" to that particular part of real property on which an insured, or any contractor or subcontractor working on an insured's behalf, is performing operations if the property damage arises out of those operations.

4.21     The allegations of the Underlying Lawsuit arise from the operations of Eagle Country, Innovative, and the Hansens and assert defective work.

4.22     An actual and justiciable controversy exists as to whether there was "property damage" to that particular part of real property on which Eagle Country, Innovative, the Hansens, or any contractor or subcontractor working on their behalf was performing operations and arising out of those operations.

4.23     The Policies exclude coverage for "property damage" to that particular part of real property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

4.24     An actual and justiciable controversy exists as to whether any "property damage" was caused by Eagle Country, Innovative, or the Hansens work that was incorrectly performed on the subject properties and must be restored, repaired or replaced.

4.25     The Policies expressly exclude coverage for "property damage" to "your work" and included in the "products-completed operations hazard" as those terms are defined in the Policies.

4.26     The Underlying Lawsuit involves allegations of damage to the work of Eagle Country, Innovative, and the Hansens, including the water wells and products supplied in connection with the same.

4.27     An actual and justiciable controversy exists as to whether "property damage" to "your work" and included in the "products-completed operations hazard" occurred as those terms are defined in the Policies.

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1    4.28    The Damage to Property Exclusion contained in the Policies excludes coverage for

2    "property damage" to property owned, rented, or occupied by an insured.

3    4.29    An actual and justiciable controversy exists as to whether "property damage" to

4    property owned, rented, or occupied by Eagle Country, Innovative, or the Hansens occurred.

5

6    4.30    The Policies exclude coverage for "bodily injury" or "property damage" for which

7    the insured is obligated to pay damages by reason of assumption of liability in a contract or

8    agreement, unless such contract or agreement meets the Policy definition of an "insured contract".

9    4.31    An actual and justiciable controversy exists as to whether Eagle Country,

10   Innovative, or the Hansens assumed obligations for "bodily injury" or "property damage" in a

11   contract or agreement, and whether any such contract or agreement is an "insured contract".

12   4.32    The Punitive or Exemplary Damage exclusion contained in the Policies precludes

13   coverage for any sums an insured becomes legally obligated to pay for punitive, exemplary or

14   multiple damages, including but not limited to any damages awarded in the form of double, treble

15   or other multiple damages in excess of compensatory damages.

16

17   4.33    The Underlying Lawsuit asserts claims for exemplary and/or treble damages.

18   4.34    An actual and justiciable controversy exists as to whether the Policies afford

19   coverage for the exemplary/treble damages sought in the Underlying Lawsuit.

20

21   4.35    The Policies each contain an additional insured endorsement using form CG 20 10

22   04 13, which may operate to provide additional insured status, if required by written contract or

23   agreement (or to a person or organization listed in the Schedule), for liability arising out of Eagle

24   Country's ongoing operations for the purported additional insured.

25   4.36     Endorsement form CG 20 10 04 13 provides in pertinent part that the insurance

26   afforded to an additional insured does not apply to "bodily injury" or "property damage" occurring

COMPLAINT FOR DECLARATORY RELIEF - 35

after all work, including materials, parts or equipment furnished in connection with such work, on

the project (other than service, maintenance or repairs) to be performed by or on behalf of the

additional insured(s) at the location of the covered operations has been completed; or that portion

of "your work" out of which the injury or damage arises has been put to its intended use by any

person or organization other than another contractor or subcontractor engaged in performing

operations for a principal as part of the same project.

4.37    An actual and justiciable controversy exists as to whether endorsement CG 20 10 04

13 provides additional insured coverage for the "bodily injury" or "property damage" alleged in the

Underlying Lawsuit.

4.38    Endorsement form BRT 40 07 02 12 provides in pertinent part that insurance under

the Policies does not apply to damages arising from the work performed by an independent

contractor on Eagle Country's behalf if conditions set forth in the endorsement are not met and that

the insurance provided under the Policies shall be excess over and above any other valid and

collectible insurance available to Eagle Country as an additional insured under a subcontractor's

policy.

4.39    An actual and justiciable controversy exists as to whether coverage under the

Policies is limited and/or barred by operation of Endorsement form BRT 40 07 02 12.

4.40    The Exclusion – Abandoned Work endorsements of the Policies exclude coverage

for "property damage" or "bodily injury" arising out of any work, project, jobsite, or activity that

has been "abandoned".

4.41    An actual and justiciable controversy exists as to whether coverage is limited and/or

barred by operation of the Exclusion – Abandoned Work endorsements of the Policies.

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1    4.42    The Other Insurance provisions of the Policies operate to make the insurance

2    provided thereunder excess when certain provisions are met.

3    4.43    An actual and justiciable controversy exists as to whether coverage is limited and/or

4    barred by operation of the Other Insurance provisions of the Policies.

5    4.44    The Policies exclude coverage for "property damage" to "your product" arising out

6    of it or any part of it.

7

8    4.45    An actual and justiciable controversy exists as to whether coverage is limited and/or

9    barred by operation of the Damage to Your Produce provisions of the Policies.

10    4.46    The Policies each contain a Products or Work Exclusion endorsement providing that

11    the insurance does not apply to "bodily injury" or "property damage" included in the products-

12    completed operations hazard and arising out of, or alleged to arise out of, "your products"

13    manufactured, assembled, sold, handled or distributed by or on behalf of Eagle Country or "your

14    work" performed by or on behalf of Eagle Country prior to February 2, 2018.

15

16    4.47    An actual and justiciable controversy exists as to whether coverage is limited and/or

17    barred by operation of the Products or Work Exclusion endorsement of the Policies.

18    4.48    The Policies exclude coverage for damages claimed for any loss, cost or expense

19    incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement,

20    adjustment, removal or disposal of "your product", "your work", or "impaired property.

21

22    4.49    An actual and justiciable controversy exists as to whether coverage is limited and/or

23    barred by operation of the Recall of Products, Work or Impaired Property Exclusion of the

24    Policies.

25

26

COMPLAINT FOR DECLARATORY RELIEF - 37

4.50     The Policies exclude coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of errors or omissions relating to construction management services.

4.51     An actual and justiciable controversy exists as to whether coverage is limited and/or barred by operation of the Exclusion – Construction Management Errors and Omissions endorsement of the Policies.

4.52     The Policies exclude coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of an insured's failure to maintain any premises, site or location in a tenantable, habitable, livable or usable condition or any claim or "suit" alleging violation of any local, state, and/or federal code, law, ordinance, statue, rule or regulation that relates to the tenant-ability, habitability, condition, maintenance or upkeep of any premises, site or location.

4.53     An actual and justiciable controversy exists as to whether coverage is limited and/or barred by operation of the Exclusion – MAINTENANCE AND HABITABILITY endorsement of the Policies.

4.54     The Policies exclude coverage for "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, including the providing of engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

4.55     An actual and justiciable controversy exists as to whether coverage is limited and/or barred by operation of the Exclusion – Contractors – Professional Liability endorsement of the Policies.

COMPLAINT FOR DECLARATORY RELIEF - 38

4.56    The Policies provide that any coverage is voided for any "suit", claim, loss, costs or expenses arising out of digging operations unless certain conditions are met.

4.57    An actual and justiciable controversy exists as to whether coverage is limited and/or barred by operation of the Underground Utility Location Condition endorsement of the Policies.

4.58    The Policies exclude coverage for "bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

4.59    An actual and justiciable controversy exists as to whether coverage is limited and/or barred by operation of the Fungi or Bacteria Exclusion endorsement of the Policies.

4.60    The Policies exclude coverage for "bodily injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

4.61    An actual and justiciable controversy exists as to whether coverage is limited and/or barred by operation of the Total Pollution Exclusion Endorsement of the Policies.

4.62    The Insuring Agreement provides that Underwriters shall have no duty to defend the insured against any "suit" seeking damages for "bodily injury" to which this insurance does not apply.

4.63    An actual and justiciable controversy exists as to whether or not coverage exists such that Underwriters are required to defend Eagle Country, Innovative, or the Hansens.

4.64    The Policies state in pertinent part that if the entity listed in the Declarations is designated as an organization other than a partnership, joint venture or limited liability company,

COMPLAINT FOR DECLARATORY RELIEF - 39

MURPHY ARMSTRONG FIRM LLP
719 Second Avenue, Suite 701
Seattle, WA 98101
T/206-985-9770  F/206-985-9790

1   you are an insured, and that your "executive officers" and directors are insureds, but only with

2   respect to their duties as officers or directors.

3       4.65     An actual and justiciable controversy exists as to whether Innovative and/or the

4   Hansens qualify as an insured under the Policies, and whether either or both are entitled to a

5   defense based on the allegations of the Underlying Lawsuit.

6

7       4.66     An actual and justiciable controversy also exists as to whether Innovative and/or the

8   Hansens, if qualifying as an additional insured, are entitled to a defense based on the allegations of

9   the Underlying Lawsuit.

10      4.67     The Supplementary Payments sections of the Policies provides in pertinent part, that

11  Underwriters will pay, with respect to any "suit" against an insured they defend, all reasonable

12  expenses incurred by the insured at Underwriters' request to assist in the investigation or defense

13  of the claim or "suit", and all court costs taxed against the insured in the "suit".  However, these

14  payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

15

16      4.68     The allegations of the Underlying Lawsuit include claims for attorneys' fees and

17  attorney expenses/costs.

18      4.69     An actual and justiciable controversy exists as to whether the Policies provide

19  coverage for attorneys' fees or attorney expenses/costs taxed against an insured in the Underlying

20  Lawsuit.

21

22      4.70     An actual and justiciable controversy also exists as to whether certain costs and/or

23  expenses are properly characterized as defense costs or indemnity.  These costs and/or expenses

24  include but are not limited to expenses to explore and/or locate alternative sources of water.

25      4.71     Underwriters reserve the right to assert any other exclusions or grounds for which

26  coverage for the claims asserted in the Underlying Lawsuit may be limited and/or excluded under

COMPLAINT FOR DECLARATORY RELIEF - 40

the Policies.

**V.     CAUSE OF ACTION FOR DECLARATORY RELIEF**

5.1     Underwriters incorporate by reference all allegations contained in paragraphs  1.1 – 4.71 as if set forth fully herein.

5.2     Actual and justiciable controversies exist as to whether any defense coverage is owed to Eagle Country, Innovative, or the Hansens under the Policies for the claims asserted in the Underlying Lawsuit.

5.3     Pursuant to and in accordance with 28 U.S.C. § 2201, Underwriters request that the Court grant declaratory relief in their favor and enter a judicial determination that Underwriters do not have an obligation to provide a defense to Eagle Country, Innovative, or the Hansens under the Policies with respect to the claims asserted in the Underlying Lawsuit.

5.4     Actual and justiciable controversies exist as to whether any indemnity coverage is available to Eagle Country, Innovative, or the Hansens under the Policies for the claims asserted in the Underlying Lawsuit.

5.5     Pursuant to and in accordance with 28 U.S.C. § 2201, Underwriters request that the Court grant declaratory relief in their favor and enter a judicial determination that Underwriters do not have an obligation of indemnity coverage to Eagle Country, Innovative, or the Hansens under the Policies with respect to the claims asserted in the Underlying Lawsuit.

**VI.     RELIEF REQUESTED**

WHEREFORE, Underwriters pray for judgment against Defendants as follows:

1.     For a declaration that Underwriters owe no defense obligation to Eagle Country, Innovative, or the Hansens for any claims asserted against them in the Underlying Lawsuit arising from the subject loss.

COMPLAINT FOR DECLARATORY RELIEF - 41

**MURPHY ARMSTRONG FIRM LLP**
719 Second Avenue, Suite 701
Seattle, WA 98104
T/206-985-9770  F/206-985-9790

1       2.      For a declaration that Underwriters owe no indemnity obligation to Eagle Country,

2  Innovative, or the Hansens for any claims asserted against them in the Underlying Lawsuit arising

3  from the subject loss.

4       3.      For a declaration that Eagle Country, Innovative, the Hansens, and the Homeowner

5  defendants are bout by any judicial declarations in this matter involving the Policies.

6

7       4.      For all interest allowed by law.

8       5.      For attorneys' fees and costs allowed by statute and law.

9       6.      For such other and further relief as the Court deems just and equitable.

10

11                DATED this 23rd day of May, 2024.

12                MURPHY ARMSTRONG FIRM LLP

13                By: */s/ James P. Murphy*

                     James P. Murphy, WSBA #18125

14                   719 Second Avenue, Suite 701

                   Seattle, WA 98104

15                   T/206.985.9770  F/206.985.9790

                   jpm@maflegal.com

16

17                 *Attorneys for Plaintiff*

                 *Lloyd's London Syndicate 2987*

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY RELIEF - 42